UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BYRON A. MASON, | ) | NO. 1:25-cr-00054-JRS-TAB-01 |
| a/k/a Buddy, | ) | |
| ADRIAN J. BULLOCK, | ) | -02 |
| a/k/a A.D., | ) | |
| AVERY J. BULLOCK, | ) | -03 |
| CHARLES T. DUNSON, | ) | -04 |
| a/k/a C-Note, | ) | |
| TANESHA M. TURNER, | ) | -05 |
| a/k/a Neesha, | ) | |
| TRE J. DUNN, | ) | -06 |
| a/k/a Trap, | ) | |
| NAHAMANI I. SARGENT, | ) | -07 |
| a/k/a Iri, | ) | |
| a/k/a Eyes, | ) | |
| EMORRIE J. DUNN, | ) | -08 |
| a/k/a E, | ) | |
| CHANCELOR R. WALKER, | ) | -09 |
| a/k/a Chance, | ) | |
| D'ERICKA LEE, | ) | -10 |
| LAMAR T. BROWNING, | ) | -11 |
| JOHN M. WHITFIELD, | ) | -12 |
| a/k/a Weatherman, | ) | |
| MARK C. MARSHALL, and | ) | -13 |
| AALIYAH HACKETT, | ) | -14 |
| | ) | |
| Defendants. | ) | |

**MOTION TO ESTABLISH DISCOVERY SCHEDULE,
CONTINUE TRIAL DATE, AND GRANT PROTECTIVE ORDER**

Comes now the United States of America, by counsel, John E. Childress, Acting United States Attorney, and Bradley A. Blackington, Assistant United

States Attorney, and files this Motion to Establish Discovery Schedule, Continue Trial Date, and Grant Protective Order and avers the following in support of the Motion:

**A.   MOTION TO ESTABLISH DISCOVERY SCHEDULE**

1. On March 19, 2025, a grand jury in the Southern District of Indiana returned an Indictment against the above-captioned defendants. Twelve of the fourteen defendants were arrested on the indictment on March 21, 2025. All twelve are scheduled to have their initial appearances in court on or before March 24, 2025.

2. The discovery material in this case consists of several thousand pages of court orders, search warrants, line sheets from wire and electronic surveillance, police reports, and documents and evidence removed from approximately twenty state and federal search warrants executed in this case. Law enforcement also seized controlled substances, drug paraphernalia, firearms, and documentary evidence, which federal authorities are processing. The discovery material also includes recordings of wire and electronic surveillance maintained over one cellular telephone in 2021 and three cellular telephones in 2024. The wire and electronic surveillance captured over 30,000 wire and electronic communications.

3. The government has not had adequate time to provide copies of all of this evidence and the preparation and copying of the discovery materials will take several more weeks.

4. Due to the complexity of this case, along with the volume of discovery anticipated, the government would move the Court to set aside the Discovery Order previously issued and to adopt the schedule proposed herein.

5. All discovery will be ready and available for each defendant's counsel to pick up at the office of the United States Attorney, Indianapolis, Indiana. Court-appointed counsel will be provided all discovery at no cost, other than a 4 TB hard drive that they shall provide to the U.S. Attorney's office.

6. Accordingly, the government requests the Court to adopt the following discovery schedule:

a. Disclosure of all Applications, Affidavits, and Orders pertaining to court-authorized Title III applications shall be accomplished on or before **May 12, 2025**;

b. Disclosure of copies of all recordings made pursuant to court-authorized wire and electronic surveillance shall be accomplished on or before **May 12, 2025**;

c. Disclosure of all line sheets from Title III interceptions shall be accomplished on or before **May 12, 2025**;

d. Disclosure of all search warrants and search warrant inventories pertaining to the state and federal searches conducted during this investigation and referenced in the Overt Acts section of Count One of the Indictment shall be accomplished on or before **May 12, 2025**;

  e. Disclosure of each defendant's own criminal history and laboratory reports on all drug purchases and seizures completed to date and all fingerprint analysis reports completed to date shall be accomplished on or before **May 12, 2025**;

  7. Additionally, the government requests that the Court orders the defendants to provide reciprocal discovery pursuant to Federal Rules of Criminal Procedure 16(b)(1)(A) which includes permission to inspect and copy or photograph books, papers, documents, photographs, tangible objects, any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports related to that witnesses testimony.

  **B.** **MOTION TO CONTINUE JURY TRIAL**

  8. On March 19, 2025, a grand jury in the Southern District of Indiana returned an Indictment against the above-captioned defendants. Twelve of the fourteen defendants were arrested on the indictment on March 21, 2025. All twelve are scheduled to have their initial appearances in court on or before March 24, 2025.

  9. A trial date has not yet been scheduled in the above-captioned matter.

    10.    The above-captioned matter qualifies as a complex case pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) for the following reasons:

    a.    The case involves 14 defendants.

    b.    The case stems from two separate Title III investigations conducted in 2021 and 2024, in which the FBI conducted wire and electronic surveillance over four different cellular telephones.

    c.    During the investigation, state and federal authorities executed search warrants and seized evidence from approximately twenty different locations.

    d.    As a result of the Title III investigation, the government requires a substantial period of time to determine which telephone and oral conversations it will introduce at trial and generate transcripts of pertinent telephone conversations. In addition, defense counsel will need substantial time to review the taped conversations and line sheets generated from the Title III investigation. Such preparation will result in the presentation of a more streamlined and efficient trial, thus advancing the interest of judicial economy.

    e.    The search warrants executed by the government resulted in the seizure of numerous documents, firearms, currency, controlled substances, and drug paraphernalia. The government needs additional time to review all of the seized documents and evidence and to make these documents available for the defendants. In addition, defense counsel will need substantial time to review these discovery materials.

11. For the reasons set forth above, the government requests a continuance of this matter. Furthermore, because of the logistical difficulties in scheduling a trial date to accommodate so many different defense attorneys, the government requests the Court to schedule a pretrial conference after the conclusion of the discovery schedule.

### C.  MOTION FOR PROTECTIVE ORDER

12. The discovery material that the government will provide to the defendant will involve video recordings, photographs, and surveillance videos which would depict confidential informants used by the government. Moreover, reports that the government will provide contain Personal Identification Information ("PII") for various individuals that should not be disclosed to the public.

13. Consequently, the government moves the Court for a protective order, ordering counsel and/or agents of counsel for the defendant to not photocopy or duplicate, in whole or in part, attach, circulate, nor publish in any manner, other than to share same with his client while maintaining the care, custody and control of same, any discovery or Jencks Act material provided by the government without providing the government with an opportunity to be heard regarding the public disclosure and only upon prior permission for public disclosure being granted by the Court.

WHEREFORE, the government requests the Court to establish the discovery schedule in a manner consistent with paragraph 6 of this Motion,

schedule a pretrial conference for this matter that would occur in June 2025, and grant the protective order requested by the government.

                                Respectfully submitted,

                                JOHN E. CHILDRESS
                                Acting United States Attorney

                                *s/ Bradley A. Blackington*

By:   _____

                                Bradley A. Blackington
                                Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **March 23, 2025**, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Bradley A. Blackington*
_____
Bradley A. Blackington
United States Attorney's Office
10 W. Market St., Suite 2100
Indianapolis, IN  46204
Phone:  (317) 226-6333
Fax:  (317) 226-6125
E-mail: bradley.blackington@usdoj.gov